IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY ___ D.C.
05 AUG 31 PM 3:57
THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

| | |
|---|---|
| ROBERT B. MITCHELL, JR., ) | |
| MARGARET P. MITCHELL, and ) | |
| ROBERT B. MITCHELL, III ) | |
|     Plaintiffs, ) | |
| ) | |
| v.  ) | No. 03-2037 Ma/An |
| ) | |
| GOLDEN FEATHER REALTY ) | |
| SERVICES, INC., and THE ) | |
| CHASE MANHATTAN BANK ) | |
|     Defendants. ) | |

**ORDER GRANTING CHASE MANHATTAN MORTGAGE COMPANY'S MOTION FOR SUMMARY JUDGMENT**

This case is an action for negligence and conversion under state law arising from foreclosure activities taken on Plaintiffs' property. Before the court is the motion for summary judgment of Chase Manhattan Mortgage Company ("Chase," incorrectly identified as The Chase Manhattan Bank), filed January 14, 2005. Defendant Golden Feather Realty Services, Inc. ("Golden Feather") responded to that motion on January 31, 2005. Plaintiffs Robert B. Mitchell, Jr., Margaret P. Mitchell, and Robert B. Mitchell, III ("the Mitchells") responded on the same day, adopting the arguments set forth in Golden Feather's memorandum. For the following reasons, the court GRANTS Chase's motion for summary judgment.

I. Background

The following facts are undisputed unless otherwise noted.

Plaintiffs Robert B. Mitchell, III, and Margaret P. Mitchell live at 4087 Silverleaf Road, Memphis, Tennessee. Silverleaf Road intersects with another street named Silverleaf Cove. (Chase Statement of Undisputed Material Facts ¶ 1; hereinafter "Chase Statement.") Chase serviced the mortgage on the property located at 4087 Silverleaf Cove. (Golden Feather Statement of Undisputed Material Facts ¶ 1; hereinafter "Golden Feather Statement.") On December 3, 1999, Chase foreclosed on that property and, because the mortgage had been obtained under a guaranty program of the Department of Housing and Urban Development ("HUD"), conveyed title to HUD. (Chase Statement ¶ 8.)

Upon approval of its loan application under the guaranty program, Chase had received a Mortgage Insurance Certificate ("MIC") generated by HUD. In the event of a default by the borrower, the holder of a HUD-guaranteed loan must present the MIC to receive the benefits of the HUD guaranty program. (Chase Statement ¶ 20.) Although other loan documents, including Chase's application, identify the property as "4087 Silverleaf Cove," the MIC refers to the property only as "4087 Silverleaf." (Chase Statement ¶ 21; Golden Feather Statement ¶ 3.) After the property had been transferred to HUD, a HUD employee prepared a checklist which indicated that the "MIC [was] checked for proper address." (Golden Feather Statement ¶ 3.)

Based on the terms of a contract between HUD and Golden

2

Feather, Golden Feather provides real estate management and marketing services to HUD. Specifically, Golden Feather markets properties that have been foreclosed by lenders, like Chase, who participate in lending programs involving HUD guaranteed loans. (Chase Statement ¶ 4,6). After lenders or loan servicers, such as Chase, have input property foreclosures into HUD's computer system, it is the practice of Golden Feather to download a list of foreclosed property addresses from HUD's computer system and, within an hour, assign the property to an inspector. (Id. ¶ 6-7.)

On or about December 9, 1999, Golden Feather's inspector mistakenly visited the property at 4087 Silverleaf Road, owned by Robert B. Mitchell, III, and Margaret P. Mitchell, and arranged for the locks to be changed and the personal property in the house to be removed. (Chase Statement ¶ 13.)  Although much of the documentation surrounding this transaction has been lost or destroyed,[1] Golden Feather contends that it relied on the incomplete address contained in the MIC and that Chase negligently failed to disclose to HUD that this address was incomplete.

## II. Jurisdiction and Applicable Law

The Mitchells are residents of Shelby County, Tennessee.

---

[1] This information includes 1) a "Z-Track" form downloaded and printed in Golden Feather's Chicago office from HUD's computer system, 2) a faxed copy of a portion of the Z-Track report received by Golden Feather's Memphis office from Golden Feather's Chicago office, 3) a pre-carbonized three-part inspection form where the property address was transferred from the Z-Track to the three-part form, and 4) the Golden Feather inspector's note, on which he wrote down the property address information he had received by telephone from the Golden Feather Memphis office. (Chase Statement ¶ 16.)

3

Golden Feather is a Texas corporation with its principal place of business in San Antonio, Texas. Chase is a multi-state corporation with its principal place of business in New York, New York. The amount in controversy exceeds $75,000. Thus, the court exercises diversity jurisdiction under 28 U.S.C. §§ 1332 and 1441.

The injury to the Plaintiffs occurred in Tennessee, and all parties have based their arguments on Tennessee law. Therefore, the court will apply Tennessee law to decide the instant motion. See Massachusetts Bay Ins. Co. v. Vic Koenig Leasing, Inc., 136 F.3d 1116, 1120 (7th Cir. 1998)("a federal court should apply the law of the forum state where the parties have not identified a conflict between two bodies of state law which might apply to their case").

## III. Legal Standard

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if . . . there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The movant must meet its initial burden of "demonstrat[ing] the absence of a genuine issue of material fact," Celotex, 477 U.S. at 323.

In considering a motion for summary judgment, "the evidence as well as all inferences drawn therefrom must be read in a light most favorable to the party opposing the motion." Kochins v. Linden-Alimak, Inc., 799 F.2d 1128, 1133 (6th Cir. 1986); see also

4

Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). "[S]ummary judgment will not lie if the dispute is about a material fact that is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

## IV. Analysis

### A. Robert B. Mitchell, Jr.

As a preliminary matter, Chase argues, and the plaintiffs concede, that Plaintiff Robert B. Mitchell, Jr. did not own any of the property involved in this litigation and that he suffered no damage from the Defendants' actions. Accordingly, the court GRANTS the motion for summary judgment against him.

### B. Conversion

Conversion is "the appropriation of property to the party's own use and benefit, by the exercise of dominion over it, in defiance of plaintiff's right." Brandt v. Bib Enterprises, Ltd., 986 S.W.2d 586, 595 (Tenn. Ct. App. 1998)(citing Mammoth Cave Prod. Credit. Ass'n v. Oldham, 569 S.W.2d 833, 836 (Tenn. Ct. App. 1977). It is undisputed that Chase did not actively participate in any of the actions on December 9, 1999. It is also undisputed that on December 9, Chase did not have any use or benefit in, or exercise dominion over, the property at 4087 Silverleaf Road. Therefore, the Plaintiffs cannot claim that Chase appropriated their property, and the court GRANTS Chase's motion for summary judgment on the

5

conversion claim.

### C. Negligence

A plaintiff must prove five elements to establish negligence: 1) a duty of care owed by the defendant to the plaintiff, 2) breach of that duty, 3) injury or loss, 4) causation in fact, and 5) proximate, or legal, cause. McClenahan v. Cooley, 806 S.W.2d 767, 774 (Tenn. 1991).

Chase argues that it owed no duty to the Plaintiffs because it was under contract only with HUD. A privity-of-contract analysis is misplaced, however, because the Plaintiffs do not allege that their damages arise from Chase's breach of any contractual duties to HUD. See, e.g., Collins v. Binkley, 750 S.W.2d 737, 739 (Tenn. 1988)(finding that intended third-party beneficiaries can sue attorneys for malpractice). Rather, the Plaintiffs and Golden Feather argue that, contractual obligations notwithstanding, Chase was required to disclose accurate information to HUD that would prevent the mistaken foreclosure of the Plaintiffs' home.

Other than conduct by Golden Feather, however, only the incomplete address on the MIC could reasonably be characterized as a cause-in-fact of the Plaintiffs' injuries. Chase did not create the MIC; HUD did. Because Chase did not create the risk of harm posed by the erroneous MIC, Plaintiff's negligence claim must be analyzed under decisions finding a duty to warn third parties of risks created by others.

As a general rule, one person owes no affirmative duty to warn

6

those put at risk by the conduct of another. <u>Bradshaw v. Daniel</u>, 854 S.W.2d 865, 870 (Tenn. 1993). "Accordingly, while an actor is always bound to prevent his acts from creating an unreasonable risk to others, he is under the affirmative duty to act to prevent another from sustaining harm only when certain socially recognized relations exist which constitute the basis for such legal duty." <u>Id.</u> at 871; <u>see also</u> <u>Turner v. Jordan</u>, 957 S.W.2d 815, 817 (Tenn. 1997)(noting an exception where there is a "special relationship" between the defendant and either the source of the danger or the person at risk from the danger). Tennessee courts have recognized such a relationship between doctors and patients and between land or business owners and invitees. <u>See, e.g.</u>, <u>Bradshaw</u>, 854 S.W.2d at 872; <u>Turner</u>, 957 S.W.2d at 819; <u>McClung v. Delta Square Ltd. Partnership</u>, 937 S.W.2d 891, 901-02 (Tenn. 1996)(business owner owes duty to take reasonable measures to protect customers from criminal activity). The Plaintiffs do not allege, nor does the evidence suggest, the existence of a special relationship between Chase and HUD or between Chase and the Plaintiffs. The situations in which Tennessee courts have recognized an exception to the general rule against affirmative tort duties are few, and the relationship between the parties in the instant case does not resemble them.

Chase did not cause any injury to Plaintiffs in fact and had no affirmative duty to warn of any risk. Therefore, the court GRANTS Chase's motion for summary judgment on the Plaintiffs' negligence claim.

7

## V. Conclusion

For the foregoing reasons, Chase's motion for summary judgment is GRANTED.

So ORDERED this **30th** day of August 2005.

_____
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE

# UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 38 in case 2:03-CV-02037 was distributed by fax, mail, or direct printing on September 6, 2005 to the parties listed.

---

Saul C. Belz
GLANKLER BROWN
One Commerce Sq.
Ste. 1700
Memphis, TN 38103

Mary A. Peterson
WALKER LAW OFFICE
6750 Poplar
Ste. 412
Memphis, TN 38138

Patrick T. Burnett
GLANKLER BROWN
One Commerce Sq.
Ste. 1700
Memphis, TN 38103

Patrick E. Bensinger
STEWART & WILKINSON, PLLC
9040 Garden Arbor Dr.
First Floor
Germantown, TN 38138

Honorable Samuel Mays
US DISTRICT COURT